IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALLEN W. JONES           :

                              :

  v.                       :   Civil Action No. DKC 15-3092

                              :

SEARS, ROEBUCK AND COMPANY

                              :

**MEMORANDUM OPINION**

Plaintiff Allen W. Jones ("Plaintiff") commenced this action on October 12, 2015 by filing a complaint in this court. (ECF No. 1). On October 13, 2015, Plaintiff was notified by the clerk that he had omitted the civil cover sheet and proposed summons, and accordingly he was asked to provide the missing documents. (ECF No. 2). When, on November 10, the clerk had not yet received Plaintiff's supplement, another electronic notification was issued seeking the missing information. (ECF No. 3).

On February 16, 2016, after still receiving no information from Plaintiff, the court issued an order directing Plaintiff to show cause why the complaint should not be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m) and Local Rule 103.8.a. (ECF No. 4). On February 22, Plaintiff submitted a civil cover sheet and a proposed summons form for the clerk. (ECF No. 6). The clerk issued the summons on the same date. (ECF No. 5).

On February 27, Plaintiff's counsel filed a proof of service form indicating that Defendant was served through its resident agent on February 25. (ECF No. 7). On March 1, Plaintiff filed a

motion for extension of time to serve the summons and complaint as well as a response to the court's show cause order.  (ECF Nos. 8; 9).  Plaintiff argues that good cause for an extension of time to serve Defendant exists because he "experienced difficulty in obtaining" the address of Defendant's resident agent and contacted Defendant on at least two occasions to inquire about its resident agent but the inquiries were unanswered.  (ECF No. 9, at 2).  Plaintiff attached a declaration from his counsel, R. Bashir Abdullah, reiterating his efforts to contact Defendant in order to obtain the identity of its resident agent.  (ECF No. 8-1). The declaration avers that Plaintiff's counsel contacted Defendant at least twice, and identifies Defendant's "lack of cooperation" as contributing to Plaintiff's failure to serve.  (*Id.* ¶¶ 5-6, 9).  The court granted Plaintiff's motion for an extension of time to serve without prejudice to the rights of Defendant to move, within twenty-one (21) days of service of the summons and complaint, to vacate the extension as improvidently granted and to seek dismissal of Plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(5).  (ECF No. 10).

On March 16, Defendant moved to dismiss, citing Plaintiff's failure to serve timely.  (ECF No. 11).  Defendant argues that Plaintiff's alleged difficulty in identifying Defendant's resident agent is not good cause because the resident agent is identified on the website of the Maryland State Department of Assessments and

2

Taxation ("SDAT"). (ECF No. 11-1, at 5). Defendant also contends that Plaintiff's failure to notify the court of difficulties with service within the 120-day period shows a lack of diligence. (*Id.* at 6-7). Plaintiff responded in opposition arguing that good cause exists because he experienced difficulty in obtaining the address of Defendant's resident agent and took "affirmative action to effectuate service" timely. (ECF No. 13).

Rule 4(m) of the Federal Rules of Civil Procedure states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[1] If a plaintiff "shows good cause for the failure" to comply with the 120-day deadline, Rule 4(m) provides that the time for service must be extended for "an appropriate period." Moreover, "[i]f a plaintiff requests an extension of time after the expiration of the 120 day limitation period, [he] must *also* show that [he] 'failed to act because of excusable neglect.'" *Martinez v. United States*, 578 F.App'x 192, 193-94 (4th Cir. 2014) (emphasis added) (quoting Fed.R.Civ.P. 6(b)(1)(B)).

---

[1] Fed.R.Civ.P. 4(m) was amended, and the current version provides a 90-day limit. Plaintiff filed the complaint before the amendment became effective on December 1, 2015. Accordingly, the 120-day limit governs service of process here.

"Excusable neglect is not easily demonstrated." *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has held that "'a party that fails to act with diligence will be unable to establish that [his] conduct constituted excusable neglect.'" *Martinez*, 578 F.App'x at 194 (quoting *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 413 (4th Cir. 2010)). Here, Plaintiff did not move for an extension of time until March 1, 2016, after the 120-day deadline had expired. (ECF No. 8). Plaintiff's motion did not discuss the "excusable neglect" standard. Rather, Plaintiff's motion focused on the alleged "good cause" for not serving Defendant within the 120 days. Any issues Plaintiff had identifying Defendant's resident agent have no bearing on whether his failure to file a motion for extension of time is excusable.

Plaintiff's cursory argument that he made "several unsuccessful attempts at electronically filing the pre-suit documents" is not persuasive. (ECF No. 13, at 2). Alleged trouble filing does not excuse Plaintiff's failure to provide any information to the court until the 120 days had expired and the court issued a show cause order. *See Martinez*, 578 F.App'x at 194 (finding no excusable neglect despite the plaintiff's argument that the delay was caused by an error in the electronic filing system).

4

Furthermore, Plaintiff has failed to show good cause for his failure to serve Defendant timely.  To establish good cause, a plaintiff generally must exercise reasonable diligence in trying to effect service.  *Burns & Russell Co. of Balt. v. Oldcastle, Inc.*, 166 F.Supp.2d 432, 439 n.9 (D.Md. 2001).  Good cause may be found, for example, where a defendant is evading service; where the plaintiff experienced difficulty in obtaining a defendant's proper address; where court staff misdirected a *pro se* plaintiff as to the appropriate procedure for service; or where a plaintiff was unaware of the defect in service until after the deadline expired.  *Hoffman v. Balt. Police Dep't,* 379 F.Supp.2d 778, 786 (D.Md. 2005).  "'[I]nadvertence or neglect of counsel' . . . will not suffice to satisfy the standard of 'good cause.'"  *Combs v. Shapiro & Burson LLP*, No. GLH-15-846, 2016 WL 1064459, at *4 (D.Md. Mar. 14, 2016) (quoting *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 77 (D.Md. 1995)).

Here, Plaintiff sought to ascertain the address of Defendant's resident agent only by attempting to contact Defendant.  Such an attempt is not "reasonable diligence" because the identity and contact information of Defendant's resident agent "is readily available and can be retrieved online in a matter of minutes." *Brown v. Am. Institutes for Research*, 487 F.Supp.2d 613, 615 (D.Md. 2007).  Although Plaintiff alleges to have had trouble obtaining the resident agent's address, a reasonably diligent lawyer in

5

Maryland would have obtained the resident agent's information from the SDAT's website and effected service timely. Indeed, Plaintiff must have managed to do so between the issuance of the show cause order on February 16 and the presentation of the summons to the clerk on February 22, a period of three or four business days. Counsel's neglect to utilize the SDAT website does not establish good cause. Accordingly, Defendant's motion to dismiss will be granted.

                                                                          /s/
                                                  DEBORAH K. CHASANOW
                                                  United States District Judge